**Aurelio Martin SEPULVEDA, Plaintiff–Appellant,**

v.

**James LEE, M.D.; et al., Defendants– Appellees.**

**No. 14–55602.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2015.*

Filed Dec. 17, 2015.

Aurelio Martin Sepulveda, San Diego, CA, pro se.

Janine K. Jeffery, Esquire, Reily & Jeffery, Inc., Northridge, CA, for Defendants–Appellees.

Before: WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

MEMORANDUM **

California state prisoner Aurelio Martin Sepulveda appeals pro se from the district

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's judgment in his 42 U.S.C. § 1983 action alleging retaliation and deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment and dismissal under Fed. R.Civ.P. 12(b)(6). *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir.2009). We affirm.

The district court properly dismissed Sepulveda's deliberate indifference claims because Sepulveda failed to allege facts sufficient to show that defendants were aware of and disregarded an excessive risk to Sepulveda's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir.2004) (to be deliberately indifferent, treatment must be medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to a prisoner's health).

The district court properly granted summary judgment on Sepulveda's retaliation claim because Sepulveda failed to raise a genuine dispute of material fact as to whether the alleged adverse action failed to advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005) (elements of an inmate retaliation claim).

The district court did not abuse its discretion by denying Sepulveda's motions for discovery because Sepulveda failed to show what material facts would have been discovered that would have precluded summary judgment. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir.1988) ("The burden is on the nonmoving party ... to show what material facts would be discovered that would preclude summary judgment.").

We reject Sepulveda's argument that the district court did not view all evidence

and draw all inferences in the light most favorable to Sepulveda.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**